### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**LATASHA ROUSE & EXABIA ROUSE**
1925 Iolani Way
Wahiawa, HI 96786,

**DANIEL RILEY & JESSICA RILEY**
1234 Ponderosa Tr.
Cameron, NC 28326, and

**OSCAR DAVINES & SHERRYL DAVINES**
52547 Acoma Loop #2,
Ft. Hood, TX 76544

*Plaintiffs*

*v.*

**GEORGE LEMAY**
1350 E. Flamingo Rd., #686
Las Vegas, NV 89119

And

**LAWRENCE HOGAN**
*in his official capacity of Governor of the State of Maryland*
100 State Circle
Annapolis, MD 21401

*Defendants*

Case No.: 22-129

_____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Latasha Rouse and Exabia Rouse ("Mr. & Mrs. Rouse"), Daniel and Jessica Riley ("Mr. & Mrs. Riley"), and Oscar Davines and Sherryl Davines ("Mr. & Mrs. Davines")(collectively "Plaintiffs") do hereby sue Defendant George LeMay, individually and

d/b/a WEC ("LeMay") and Defendant Lawrence Hogan in his official capacity (hereinafter "State of Maryland") for damages, and injunctive and declaratory relief (as well as costs and attorney fees) as stated herein and say in support:

## INTRODUCTION

1.      The Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C.A. § 3901, *et seq.* was enacted for the express purpose:

> **(1)** to provide for, strengthen, and expedite the national defense through protection extended by this chapter to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> **(2)** to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 U.S.C.A. § 3902.  *See also* https://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/servicemembers-civil-relief-act-scra (last visited October 24, 2021).

2.      The SCRA applies to the State of Maryland (50 U.S.C.A. § 3912(a)(2)) and LeMay as a plaintiff asserting rights against an active-duty servicemember who does not make an appearance — the situation in virtually every, if not every, request to enter a foreign judgment in Maryland.

3.      The SCRA mandates two requirements, one for the person seeking a judgment and one for a court — for *every* court in the United States whether the court is federal or a state court— that *must* be complied with prior to the entry of *any* judgment:

   a.   50 U.S.C.A § 3912(b)(1) addresses the mandatory requirement for the person seeking a judgment.  It provides:  "[i]n **any** action or proceeding covered by

**2**

[the law], the court, **before entering judgment for the plaintiff**, shall require the plaintiff to file with the court an affidavit —(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service."   50 U.S.C.A. § 3931(b)(1)(emphasis added).   While 50 U.S.C.A. § 3931(b)(1) requires a plaintiff seeking a judgment to provide an SCRA affidavit to the court, it also mandates that every court must require that a SCRA affidavit be filed before a judgment is entered.

    b.   Additionally, 50 U.S.C.A. § 3931(b)(2) mandates that, if it appears that a defendant is in military service, the court "may not enter a judgment until after the court appoints an attorney to represent the defendant."

4.    Further, under the Due Process Clause of the Fourteenth Amendment the State of Maryland cannot have jurisdiction to permit LeMay to haul active duty servicemembers into Maryland courts when those servicemembers have no connection whatsoever with the State of Maryland (i.e. do not live in Maryland, do not conduct business in Maryland, and do not own property in Maryland).

5.    Notwithstanding the mandatory requirement of 50 U.S.C.A. § 3931(b)(1), LeMay has exploited Maryland law, which fails to comply with the SCRA and the Due Process Clause of the Fourteenth Amendment, in order to obtain and enforce purported default judgments against the Plaintiffs and others without the legal right to do so.

6.      As a direct and proximate result of LeMay's acts in violation of the SCRA and the Due Process Clause of the Fourteenth Amendment in Maryland, which Maryland law improperly permitted, the Plaintiffs have been damaged and sustained losses.

7.      LeMay also uses the Maryland Foreign Judgments Act to enroll foreign judgments in Maryland—including many of which have expired in the original state or have been reversed by appeal or are otherwise void.

8.      LeMay's conduct and practice is to enroll a foreign judgment in Maryland under the Uniform Enforcement of Foreign Judgments Act, CTS. & JUD. PROC. § 11-801, *et seq.* ("Foreign Judgments Act"), when he does not have a valid judgment in the original state.

9.      LeMay's conduct is unfair, deceptive, and abusive to both the defendants and the Maryland courts in which the purported consumer debt collection actions are filed.

10.     But for the State of Maryland's failure to ensure its laws and procedures relating to enrollment of purported foreign judgements, garnishments, and subpoenas in compliance with the SCRA Plaintiffs would not have sustained any damages or losses from LeMay's acts and omissions which were part of his unfair, deceptive, and abusive business practices.

11.     As a result, Plaintiffs are entitled to declaratory and injunctive relief against the State of Maryland to ensure the State complies with the mandatory requirements of the SCRA and Maryland law, including the Foreign Judgments Act.

12.     To correct these wrongs, the Plaintiffs bring the claims herein as a result of LeMay's, and the State of Maryland's, violations of the SCRA pursuant to 50 U.S.C.A. § 4042.

13.     Plaintiffs seek: (i) equitable and declaratory relief from the State of Maryland with respect to its violations of the SCRA since the SCRA preempts the Foreign Judgments Act under

the Supremacy Clause, U.S. Const. Art. VI; (ii) a finding that the Foreign Judgments Act violates the Due Process Clause of the Fourteenth Amendment by subjecting citizens and servicemembers of other states with no connection to the State of Maryland whatsoever to come to Maryland to defend LeMay's wrongful conduct; and (iii) the recovery of all other appropriate relief, including money damages, from LeMay for his violations of the SCRA and state laws governing his practices in Maryland in relation to the Plaintiffs.

## JURISDICTION

14.     This action arises under the Constitution and laws of the United States.  Jurisdiction is conferred on this Court pursuant to Article III, the Supremacy Clause, 28 U.S.C. § 1331, and 50 U.S.C.A. § 3912.

15.     This Court also has Article III jurisdiction since the damages and practices subject to this action involve actual damages and losses caused by illegal or unfair judgments entered in Maryland court proceedings---actions which are in fact unenforceable as a matter of Federal and State law.

16.     The common law has long recognized such jurisdiction of the Courts in these situations.     *See e.g.* Blackstone, (1 W. Blackstone, Commentaries, Book 1, Sect. III Laws of England, p. 70 and Book 1, Rights of Individuals Pages 123-124) (available at http://avalon.law.yale.edu/subject_menus/blackstone.asp)(last visited December 5, 2021); *The Marshalsea*, 10 Co. Rep. 68b, 77 Eng. Rep. 1027 (K.B. 1613)(the judgment of a court without jurisdiction is null and void); *Harrison v. Burwell*, 2 Ventr. 9, 86 Eng. Rep. 278 (K.B. 1670) (writ lies to prevent erroneous dissolution of valid marriage).

17.     This Court has supplemental jurisdiction over the State claims alleged in this Complaint under 28 U.S.C. § 1367, as such claims form a part of the same case or controversy.

18.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

19.     Declaratory and injunctive relief is also available for the relief requested herein pursuant to 28 U.S.C. §§ 2201 and 2202 as well as 50 U.S.C.A. § 4042(a).  *See also LVNV Funding LLC v. Finch*, 207 A.3d 202 (2019).

## PARTIES

20.     Plaintiffs Latasha Rouse and Exabia Rouse ("Mr. & Mrs. Rouse") are residents of the State of Hawaii.  At all relevant times during the occurrence subject to this action:

    a.  Mr. & Mrs. Rouse were persons subject to the protections of the SCRA as Mrs. Rouse is an active-duty servicemember (as that term is defined by 50 U.S.C.A. § 3911(1)) and her husband was a qualified dependent (as that term is defined by 50 U.S.C.A. § 3911(4));

    b.  Before wrongfully pursued by LeMay as described herein, Mr. & Mrs. Rouse had no contacts with the State of Maryland, did not do business in the State of Maryland, and owned no real or intangible property in the State of Maryland; and

    c.  Mr. & Mrs. Rouse were consumers entitled to the protections of the MCDCA COM. LAW § 14-201, *et seq.* and the Maryland Consumer Protection Act ("MCPA"), COM. LAW § 13-101, *et seq.*

21.     Plaintiffs Daniel and Jessica Riley ("Mr. & Mrs. Riley") are residents of the State

of North Carolina.  At all relevant times during the occurrence subject to this action:

    a.  Mr. & Mrs. Riley were persons subject to the protections of the SCRA as Mr.

       Riley is a servicemember (as that term is defined by 50 U.S.C.A. § 3911(1))

       and on active-duty and his wife Mrs. Riley is a qualified dependent (as that term

       is defined by 50 U.S.C.A. § 3911(4));

    b.  Before wrongfully pursued by LeMay as described herein, Mr. & Mrs. Riley

       had no contacts with the State of Maryland, did not do business in the State of

       Maryland, and owned no real or intangible property in the State of Maryland;

       and

    c.  Mr. & Mrs. Riley were consumers entitled to the protections of the MCDCA

       and MCPA.

22.     Plaintiffs Oscar Davines and Sherryl Davines ("Mr. & Mrs. Davines") are residents

of the State of Texas.  At all relevant times during the occurrence subject to this action:

    a.  Mr. & Mrs. Davines were persons subject to the protections of the SCRA as

       Mr. Davines is a servicemember (as that term is defined by 50 U.S.C.A. §

       3911(1)) and on active-duty and his wife Mrs. Davines is a qualified dependent

       (as that term is defined by 50 U.S.C.A. § 3911(4));

    b.  Before being wrongfully pursued by LeMay as described herein, Mr. & Mrs.

       Davines had no contacts with the State of Maryland, did not do business in the

       State of Maryland, and owned no real or intangible property in the State of

       Maryland;

c. Mr. & Mrs. Davines were consumers entitled to the protections of the MCDCA and MCPA.

23. Defendant George LeMay ("LeMay"), individually and d/b/a WEC (Western Education Corp.) is, upon information and belief, a resident of the State of Nevada.

24. At all relevant times during the occurrence subject to this action:

a. LeMay was a person and individual subject to the requirements and restrictions of the SCRA at issue in this action in relation to the Plaintiffs.  50 U.S.C.A. § 3931.

b. LeMay acted as a collector subject to the MCDCA and MCPA.

c. LeMay has conducted his business in the State of Maryland, as described herein, by using Maryland law, the Maryland courts, and the State of Maryland resources and procedures to wrongfully collect and/or attempt to collect from active-duty servicemembers without the right to do so since:  (i) he failed to comply with the strict, mandatory requirements of the SCRA as they relate to the securing of judgments and collecting from servicemembers in the State of Maryland; and (ii) the Plaintiffs had no connection with Maryland whatsoever which would subject them to Maryland state court jurisdiction under the Due Process Clause of the Fourteenth Amendment.

d. LeMay does business as Western Education Corp. ('WEC") and Olympic Publishing Company.

25. Defendant Lawrence Hogan is the currently elected Governor of the State of Maryland ("State of Maryland") charged with enforcement of state laws under the Constitution of

Maryland Adopted by Convention of 1867 including Maryland's Uniform Enforcement of Foreign Judgments Act, Cᴛs. & Jᴜᴅ. Pʀᴏᴄ. § 11-801, *et seq.*, Cᴛs. & Jᴜᴅ. Pʀᴏᴄ. § 3-305, and Fɪɴ. Iɴsᴛ. § 1-304.

### GENERAL FACTUAL ALLEGATIONS

26.     LeMay runs a nationwide business from his work location in Las Vegas, NV in which he employs agents and/or employees to sell consumer products door to door on military installations to active-duty military servicemembers and their dependents.

27.     Plaintiffs do not believe such business is authorized by the branches of military service.

28.     Upon information and belief, LeMay's network of sales persons and agents gain access to the installations by use of personal relationships with vendors engaged by the military services to manage base housing.  This belief is based on the reasonable assumption that each branch of the United States military would not wish for its servicememebers to be preyed upon and hauled into abusive, unfair, and deceptive court proceedings based on LeMay's sale of bogus consumer products.

29.     As shown *infra*, LeMay's authorized agents do not comply with state door-to-door sales act requirements.

30.     In addition, often times the products offered by LeMay are no legitimate products and are available for free to servicemembers at the base libraries.

31.     In sworn testimony under penalties of perjury before the District Court of Maryland for Anne Arundel County, Maryland on October 1, 2021 (Case No. D-07-JG-20-000173), LeMay:

a.  Explained he filed a purported foreign judgment pursuant to the Foreign Judgments Act in Maryland for the purposes of enforcing it through bank garnishments because the laws of Texas where the purported judgment came from are not favorable for enforcement.

b.  Falsely argued that the purported judgment he presented to the Maryland court pursuant to the Foreign Judgments Act was still valid and registered in Texas (when in fact it was not) when in fact "there was no foreign judgment to enroll" in Maryland.

c.  Admitted he is not a licensed Texas attorney (or have any education background in Texas law) and he is just a Nevada businessman.

d.  Admitted by omission that he never filed any SCRA affidavit in Maryland court proceedings because he falsely believed the Foreign Judgments Act did not require him to do so.

e.  Admitted that he routinely notifies military payroll offices of a servicemember's branch of the military as part of his collection activities (in furtherance of his unfair, deceptive, and abusive collection practices).

32.    LeMay's business model is to engage servicemembers on military installations and have them sign finance contracts for his products which he later uses in the courts to collect, and/or attempt to collect, amounts which violate the Military Lending Act and the protections of the SCRA.

33.    LeMay advertises on his website:

Thank you for checking out WEC Group! WEC Group has been serving American Military Families since 1969, Promoting Education in the home through Children's Books, Learning Materials, and Computer Systems. If you have any questions, comments, or suggestions feel free to e-mail me. I hope you've enjoyed the site!

34.    As part of his collection efforts, LeMay obtains invalid judgments from Maryland's sister states and then seeks to enroll them in Maryland pursuant to the Foreign Judgments Act.

35.    In addition to the Plaintiffs' experiences described *infra*, a review of Maryland court records shows that LeMay has used Maryland law to enroll many judgments in direct violation of the SCRA pursuant to the Foreign Judgments Act.  This conclusion is exemplified as follows:

a.   In a review of more than twenty matters in Maryland state courts LeMay has utilized loopholes in Maryland laws and rules of civil procedure authorized by the Foreign Judgments Act to enroll foreign judgments in Maryland state courts without once providing the mandatory SCRA affidavit required by 50 U.S.C.A. § 3931(b)(1) affidavit.

b.   In a review of more than twenty matters in Maryland state courts LeMay has utilized other loopholes in Maryland laws and rules of civil procedure authorized by the Foreign Judgments Act to requests writs of garnishments in Maryland state courts without once providing any SCRA affidavit and he thereafter obtained judgments of garnishment without the required SCRA affidavit required by 50 U.S.C.A. § 3931(b)(1) prior to the entry of any judgment (*e.g.*, entry of foreign judgment, entry of garnishment judgment, *etc.*).

36.     In addition, LeMay has routinely filed documents with the state courts that disclose the personal identifiable information (*i.e.* social security numbers) of active-duty servicemembers and their dependents without proper redaction.  What's worse is the fact that the Maryland courts have permitted him to do so.

37.     A summary of the public records reviewed to assert the conclusions in the two proceeding paragraphs is attached hereto as Exhibit 1.

38.     The State of Maryland has adopted the Foreign Judgments Act.

39.     Maryland's Foreign Judgments Act does not require a party seeking to enroll or file a foreign judgment in a Maryland court, like LeMay, to provide any evidence to the receiving court that the defendant is not an active-duty servicemember as required by 50 U.S.C.A. § 3931(b)(1) before the filing is of record.

40.     Instead, as shown *infra*, Maryland's Foreign Judgments Act places the unfair burden on active-duty servicemembers with no contacts whatsoever in Maryland to object to the filed or enrolled judgment—even when they are on active-duty.  CTS. & JUD. PROC. § 11-802(b).

41.     Said burden is more unfair since the servicemembers have no connection with the State of Maryland and their basic protections under the Due Process Clause of the Fourteenth Amendment are being violated.

42.     The State of Maryland also has enacted laws and rules of procedure permitting a judgment creditor to obtain a Writ of Garnishment and Judgment of Garnishment to collect on its money judgment unless, and until, the judgment debtor seeks to exempt the judgment sum.  *See e.g.* CTS. & JUD. PROC. § 3-305.

12

43.     Maryland law does not require a party like LeMay seeking to obtain a Judgment of Garnishment pursuant to CTS. & JUD. PROC. § 3-305 to provide any evidence that the judgment debtor/defendant is not an active-duty servicemember as required by 50 U.S.C.A. § 3931(b).

44.     Under Maryland's confidential financial records law, "[a] subpoena means a subpoena, summons, warrant, or court order that appears on its face to have been issued on lawful authority." FIN. INST. § 1-304(a).  In addition, a Maryland subpoena may be used pursuant to FIN. INST. § 1-304(a) *only* with a proper FIN. INST. § 1-304(b) certification.

45.     Maryland's confidential financial records law does not require the person obtaining and using a subpoena pursuant to FIN. INST. § 1-304(a) to provide any evidence to the issuing court, as part of a collection action, that the defendant is not an active-duty servicemember as required by 50 U.S.C.A. § 3931(b).

46.     Under the SCRA, "judgment" is defined broadly to "mean[] **any** judgment, decree, order, or ruling, final or temporary."  50 U.S.C.A. § 3911(9)(emphasis added).

47.     Pursuant to 50 U.S.C.A. § 3911(9), (i) a purported foreign judgment received and/or enrolled in Maryland pursuant to the Foreign Judgments Act, (ii) a Judgment of Garnishment granted pursuant to CTS. & JUD. PROC. § 3-305; and (iii) a subpoena issued pursuant to FIN. INST. § 1-304(a) for a judgment creditor's collection efforts, are "judgments" subject to the mandatory requirements of the SCRA.

48.     Notwithstanding the broad remedial purposes of the SCRA, LeMay has exploited Maryland law which does not require compliance with the SCRA to permit him to use Maryland state courts for his unlawful activities and Maryland law unfairly places the burden on active-duty

service members to contest LeMay's conduct when Maryland law fails to follow the strict requirements of the SCRA and the Due Process Clause of the Fourteenth Amendment.

49.     Maryland law is preempted by the SCRA for the purposes of protecting Plaintiffs and other active-duty servicemembers from LeMay and other similar actors; Maryland's laws and procedures should be declared to be in violation of the SCRA and an injunction should be issued by the Court to require the State of Maryland to correct its laws and rules of procedure to close the loopholes exploited by LeMay with active-duty servicemembers.  Maryland's laws should not be permitted to aid and abet actors like LeMay who prey upon active duty service members in violation of the SCRA and debt collection statutes.

### FACTUAL ALLEGATIONS RELATED TO MR. & MRS. ROUSE

50.     Mr. & Mrs. Rouse were unlawfully sued by LeMay in the State of Nevada where he obtained a judgment against them based upon a purported contract for consumer goods entered into in the State of Hawaii.  The purported contract was unenforceable as a matter of law.  HAW. REV. STAT. ANN. § 481C-4(b).

51.     Mr. & Mrs. Rouse had also timely canceled, under Hawaiian law, the purported contract with LeMay for consumer goods; as "consumer goods" is defined by Hawaiian law.

52.     Mr. & Mrs. Rouse had no contacts with the State of Nevada, owned no property in the State of Nevada, and conducted no business in the State of Nevada at all times relevant to this action and the activities described herein.

53.     At all relevant times herein, Mrs. Rouse has been an active-duty servicemember with the United States Navy.

54.     Notwithstanding that he had no legal right to sue Mr. & Mrs. Rouse in Nevada, LeMay did so by presenting false testimony and an affidavit judgment was entered against Mr. & Mrs. Rouse on LeMay's illegal contract in Nevada by the Justice Court, Las Vegas Township in Clark County, Nevada where the state court had no personal jurisdiction over Mr. & Mrs. Rouse pursuant to the Due Process Clause of the Fourteenth Amendment.

55.     The judgment obtained by LeMay in Nevada was also in violation of the SCRA since he obtained it in violation of 50 U.S.C.A. § 3931(b).

56.     LeMay's lawsuit in Nevada was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

57.      On June 21, 2021, LeMay filed a request to File Foreign Judgment pursuant to the Foreign Judgments Act with the District Court of Maryland for Garrett County (Case No. D-122-JG-21-000018) which was dated June 17, 2021.  LeMay did not include, with his request to file the Nevada judgment, the required affidavit pursuant to 50 U.S.C.A. § 3931(b). The State of Maryland permitted Lemay's request without the required affidavit in violation of 50 U.S.C.A. § 3931(b).

58.     LeMay's June 21, 2021 filing was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

59.     Notwithstanding that LeMay's request did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit and the fact that Mr. & Mrs. Rouse were protected persons under the SCRA and had no contacts with Maryland or even Garrett County, the District Court of Maryland for Garrett County recorded the Nevada judgment against Mr. & Mrs. Rouse.

60.     In a notice dated June 21, 2021, the District Court of Maryland for Garrett County improperly shifted the burden to Mr. & Mrs. Rouse to contest the improperly recorded judgment that did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mrs. Rouse was on active-duty.     The state court gave Mr. & Mrs. Rouse thirty days to contest the recorded judgment.

61.      Before LeMay's unlawful activities described herein, Mr. & Mrs. Rouse had no contacts with the State of Maryland or Garrett County, conducted no business in the State of Maryland or Garrett County, and owned no property in the State of Maryland or Garrett County.

62.     On June 29, 2021, LeMay filed, pursuant to CTS. & JUD. PROC. § 3-305, a request for Writ of Garnishment in the District Court of Maryland for Garrett County (Case No. D-122-JG-21-000018) which was dated June 24, 2021 to seize Mr. & Mrs. Rouse's accounts.  LeMay did not include with his request for garnishment the required affidavit, in violation of 50 U.S.C.A. § 3931(b).  LeMay also filed with his request for garnishment personal, confidential, and identifiable information for Mr. & Mrs. Rouse without the right to do so in the public records and without proper redactions.

63.     LeMay's June 29, 2021 filing was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

64.     The District Court of Maryland for Garrett County accepted LeMay's June 29, 2021 request for garnishment pursuant to CTS. & JUD. PROC. § 3-305 made without proper redactions and despite the obvious and improper disclosure of social security numbers and which also did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even despite the fact that Mrs. Rouse was on active-duty.   Pursuant to CTS. & JUD. PROC. § 3-305 and in violation of the mandatory

16

requirements of the SCRA, the state court also issued LeMay's requested garnishment to Mr. & Mrs. Rouse's bank which froze their accounts.

65.     As a direct and proximate result of LeMay's conduct, as well as the the State of Maryland's failure to protect their rights under Federal law, the U.S. Constitution, and even Maryland's own laws protecting confidential information, Mr. & Mrs. Rouse sustained damages and losses including the following:

    a.  They were defamed and put into a false light by LeMay's false assertions that they owe sums that are not lawfully owed.

    b.  They sustained embarrassment, frustration, anxiety, sleepless nights, and worry by having LeMay's illegal judgment entered against them in Maryland where they had no contacts or business while Mrs. Rouse was on active-duty status outside of Maryland.

    c.  The public filing of the illegal judgment in Maryland put Mr. & Mrs. Rouse in a negative, false light with their community and Mrs. Rouse's commanding officers.

    d.  They sustained legal fees to vacate the improperly recorded foreign judgment.

    e.  The public filing of their confidential information with the consent of the State of Maryland creates an opportunity for their identities to be stolen or used for improper purposes.

    f.  They lost the use of their monies that were frozen for a period of time which caused other out-of-pocket damages and losses.

## FACTUAL ALLEGATIONS RELATED TO MR. & MRS. RILEY

66.     Mr. & Mrs. Riley were unlawfully sued by LeMay in the State of Texas where he originally obtained a judgment against them based upon a purported contract for consumer goods entered into in the State of Texas.

67.     LeMay's Texas lawsuit was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

68.     Mr. & Mrs. Riley obtained legal counsel in Texas and timely appealed the original judgment.

69.     By virtue of Mr. & Mrs. Riley's timely appeal of the original judgment, its effect and enforceability was *vacated* as a matter of Texas law.

70.     After some proceedings during the appeal, including an initial judgment affirming the original judgment which was later vacated, the County Court of Law for Bell County, Texas dismissed LeMay's action against Mr. & Mrs. Riley (Cause No. 89807) on March 2, 2020 "for want of prosecution *with prejudice* to refiling" (emphasis added)

71.     The March 2, 2020 judgment constitutes a judgment on the merits as to LeMay's purported claims against Mr. & Mrs. Riley.  *See e.g. CASH ACAPULCO SA DE CV, Plaintiff, v. CARDTRONICS MEXICO, S.A. DE C.V. and Cardtronics, Inc., Defendants., 2019 WL 12059020* (Tex.Dist.)(" A plaintiff has a duty to prosecute its suit to a conclusion "with reasonable diligence," failing which a trial court may dismiss for want of prosecution. *In re Conner*, 458 S.W.3d at 534. Dismissal for want of prosecution may be obtained by action of the trial court or upon a motion by any party to the suit. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.--Waco 2005, pet. denied) (citations omitted).  A court may dismiss for want of prosecution

**18**

or under its inherent power or Texas Rule of Civil Procedure 165(a). *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)")(collecting other cases for same holdings).; *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 134 (Tex. App. 2011)("A dismissal with prejudice is an adjudication on the merits. *Love v. Moreland,* 280 S.W.3d 334, 338 (Tex.App.-Amarillo 2008, no pet.; ermination on the merits. *Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex.1999)"); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991)("it is well established that a dismissal with prejudice functions as a final determination on the merits. *Zimmerman v. Texaco, Inc.,* 409 S.W.2d 607, 614 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.)").

72.     LeMay took no timely appeal from the March 2, 2020 final judgment against him by the Texas state court.  At that point, LeMay had no judgment against Mr. & Mrs. Riley and no legal method of again suing Mr. and Mrs. Riley in any state or federal court on the purported consumer debt.

73.     Not deterred, however, LeMay simply resorted to his tried-and-true litigation tactics and simply ignored the effect of the Texas judgment against him.  He unfairly, deceptively, or abusively filed a request for a foreign judgment in Maryland under the Foreign Judgments Act despite knowing that the original judgment had been vacated and there was no lawful Texas judgment to enroll.  In other words, he unfairly attempted to deceive Mr. and Mrs. Riley and the Maryland court and the Maryland court permitted him to do so pursuant to the Foreign Judgments Act which fails to protect active duty servicer members as described herein.

74.     Mr. & Mrs. Riley had no contacts with the State of Maryland, conducted no business in the State of Maryland, and owned no property in the State of Maryland prior to LeMay

requesting the enrollment of the non-existent Texas judgment in Maryland under the Foreign Judgments Act.

75.     At all relevant times herein, Mr. Riley has been an active-duty service member with the United States Army.

76.     Notwithstanding he had no legal right to do so, LeMay sought to enroll the vacated Texas judgment in Maryland even though he knew he had lost his claim with prejudice and never took a timely appeal of the judgment entered against him.

77.      Specifically, on August 12, 2020 LeMay filed, pursuant to the Foreign Judgments Act, a request to File Foreign Judgment with the District Court of Maryland for Anne Arundel County (Case No. D-07-JG-20-000173) which was dated July 29, 2020.  LeMay filed with his request a copy of the since vacated judgment of the Texas court and concealed from the District Court of Maryland for Anne Arundel County the March 2, 2020 judgment adverse to his purported claim.

78.     LeMay's August 12, 2020 filing was an attempt to collect a consumer debt from an active-duty servicemember of the Armed Forces.

79.     LeMay's request to file a foreign judgment did not include the required affidavit in violation of 50 U.S.C.A. § 3931(b).

80.     Notwithstanding that LeMay's request did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit, the fact that Mr. & Mrs. Riley were protected persons under the SCRA, conducted no business in Maryland, had no property in Maryland, and had no contacts with Maryland or Anne Arundel County, the District Court of Maryland for Anne Arundel County

recorded the bogus Texas judgment against Mr. & Mrs. Riley pursuant to the Foreign Judgments Act.

81.     In a notice dated June 21, 2021, the District Court of Maryland for Anne Arundel County improperly shifted the burden to Mr. & Mrs. Riley to contest the improperly recorded judgment that did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mr. Riley was on active-duty.   The state court gave Mr. & Mrs. Riley thirty days to contest the recorded judgment.

82.     On September 24, 2020, LeMay filed a request for Writ of Garnishment, pursuant to CTS. & JUD. PROC. § 3-305, in the District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173), which was dated September 17, 2020, to seize Mr. & Mrs. Riley's accounts.

83.     LeMay's September 24, 2020 filing was an attempt to collect a consumer debt from an active-duty servicemember of the Armed Forces.

84.     LeMay did not include with his request for garnishment the required affidavit in violation of 50 U.S.C.A. § 3931(b).  LeMay also filed with his request for garnishment personal, confidential, identifiable information for Mr. & Mrs. Riley without the right to do so in the public records and without proper redactions.

85.     LeMay's September 24, 2020 request for Writ of Garnishment in the District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) was seeking sums he knew he was not owed and could not recover in any state or federal court.

86.     Pursuant to pursuant to CTS. & JUD. PROC. § 3-305, the District Court of Maryland for Anne Arundel, County accepted LeMay's September 24, 2020 request for garnishment made

without proper redactions and which also did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mr. Riley was on active-duty.  The state court also issued the requested garnishment to pursuant to CTS. & JUD. PROC. § 3-305 to Mr. & Mrs. Riley's purported lender.

87.     LeMay's service of the garnishment was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

88.     On January 25, 2021, LeMay filed a second request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173), pursuant to CTS. & JUD. PROC. § 3-305, which was dated December 31, 2020, to seize Mr. & Mrs. Riley's accounts.

89.     LeMay's January 25, 2021 filing was an attempt to collect a consumer debt from an active-duty servicemember of the Armed Forces.

90.     LeMay did not include with his January 25, 2021 request for garnishment the required affidavit in violation of 50 U.S.C.A. § 3931(b).  LeMay also filed with his request for garnishment personal, confidential, identifiable information for Mr. & Mrs. Riley without the right to do so in the public records and without proper redactions.

91.     LeMay's January 25, 2021 request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) was seeking sums he knew he was not owed.

92.     The District Court of Maryland for Anne Arundel, County accepted LeMay's January 25, 2021 request for garnishment made without proper redactions and which also did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mr. Riley was on active-duty.

The state court also issued the requested garnishment to Mr. & Mrs. Riley's purported lender in violation of the SCRA pursuant to Cts. & Jud. Proc. § 3-305.

93.    On March 22, 2021, LeMay filed a third request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) which was dated March 9, 2021 to seize Mr. & Mrs. Riley accounts pursuant to Cts. & Jud. Proc. § 3-305.

94.    LeMay's March 22, 2021 filing was an attempt to collect a consumer debt from an active-duty servicemember of the Armed Forces.

95.    LeMay did not include with his request for garnishment the required affidavit in violation of 50 U.S.C.A. § 3931(b).  LeMay also filed with his request for garnishment personal, confidential, identifiable information for Mr. & Mrs. Riley without the right to do so in the public records and without proper redactions.

96.    LeMay's March 22, 2021 request for Writ of Garnishment filed in the District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) was seeking sums he knew he was not owed.

97.    The District Court of Maryland for Anne Arundel, County accepted LeMay's March 9, 2021 request for garnishment made without proper redactions and which also did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mr. Riley was on active-duty. The state court also issued the requested garnishment to Mr. & Mrs. Riley's purported lender in violation of the SCRA pursuant to Cts. & Jud. Proc. § 3-305.

98.    On or about May 12, 2021 through June 10, 2021, LeMay requested the District Court of Maryland for Anne Arundel, County issue a subpoena to him to conduct discovery from

an out-of-state entity known as SST/Pioneer of Mr. & Mrs. Riley's confidential, financial information.

99.    LeMay's May-June 2021 request for the court to issue a subpoena was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

100.    LeMay failed to give notice to Mr. & Mrs. Riley of this subpoena and made a false certification to obtain it pursuant to FIN. INST. § 1-304.  LeMay did not include with his request for subpoena the required affidavit in violation of 50 U.S.C.A. § 3931(b).

101.    The District Court of Maryland for Anne Arundel, County accepted LeMay's request for a subpoena to SST/Pioneer which did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mr. Riley was on active-duty and therefore the subpoena was issued in violation of the SCRA.  The state court also issued the requested subpoena to SST/Pioneer even though the entity is not subject to a Maryland subpoena.

102.    LeMay's requested subpoena from the District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) to SST/Pioneer was seeking confidential, information he knew he was not entitled to and his false certification under FIN. INST. § 1-304 is a crime.

103.    On or about May 12, 2021 through June 10, 2021, LeMay also requested the District Court of Maryland for Anne Arundel, County to issue another subpoena to him to conduct discovery from an auto finance institution of Mr. & Mrs. Riley's confidential, financial information.

104.    LeMay's May 12, 2021 filing was an attempt to collect a consumer debt from an active-duty servicemember of the Armed Forces.

105.    LeMay failed to give notice to Mr. & Mrs. Riley of this subpoena and made a false certification to obtain it pursuant to FIN. INST. § 1-304.  LeMay did not include with his request for subpoena the required affidavit in violation of 50 U.S.C.A. § 3931(b).

106.    The District Court of Maryland for Anne Arundel, County accepted LeMay's request for a subpoena to the auto finance institution which did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even while Mr. Riley was on active-duty and issued a subpoena in violation of the SCRA.

107.    LeMay's requested subpoena from the District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) was seeking confidential information he knew he was not entitled and his false certification under FIN. INST. § 1-304 is a crime.

108.    On June 30, 2021, LeMay filed a third request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) which was dated June 21, 2021 to seize Mr. & Mrs. Riley accounts.  LeMay did not include with his request for garnishment the required affidavit in violation of 50 U.S.C.A. § 3931(b).

109.    LeMay's June 21, 2021 request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) was seeking sums he knew he was not owed.

110.    The District Court of Maryland for Anne Arundel, County accepted LeMay's June 21, 2021 request for garnishment made without the mandatory 50 U.S.C.A. § 3931(b) affidavit even while Mr. Riley was on active-duty service member.  The state court also issued the requested garnishment pursuant to CTS. & JUD. PROC. § 3-305 to Mr. & Mrs. Riley's lender which froze their account(s) even though the garnishment request was made in violation of the SCRA.

25

111.    As a direct and proximate result of LeMay's actions and the State of Maryland's statutory and procedural laws which fail to follow the requirements of the SCRA discussed herein, Mr. & Mrs. Riley had to engage legal counsel to protect their rights which manifested itself in a contested state court hearing on October 1, 2021.

112.    At that hearing before the District Court of Maryland for Anne Arundel County (Case No. D-122-JG-21-000173) on October 1, 2021 it was held LeMay had no valid judgment and no right to collect from Mr. & Mrs. Riley.  At the hearing LeMay was advised of his appeal rights as well but he has taken no appeal (timely or otherwise).

113.    On or about November 3, 2021 LeMay wrote to Mr. & Mrs. Riley to demand they pay him the sum of $9,031.10 which he knows he is not owed and two different courts have so held in final orders which he chose not to appeal.  In his November 3, 2021 correspondence LeMay threatened to sue Mr. & Mrs. Riley in the Justice Court, Las Vegas Township in Clark County, Nevada within ten days even though he knows Mr. Riley is on active-duty status and Mr. & Mrs. Riley had no contacts and own no property in the State of Nevada.

114.    As a direct and proximate result of LeMay's conduct, as well as the willingness and participation of the State of Maryland's failure to protect their rights under Federal law and the Constitution and even Maryland's laws protecting confidential information, Mr. & Mrs. Rouse sustained damages and losses including the following:

      a.  They were defamed and put into a false light by LeMay's false assertions that they owe sums that are not lawfully owed.

      b.  They sustained worry, anger, depression, embarrassment, frustration, and anxiety by having LeMay's illegal judgment entered against them in Maryland

where they had no contacts or business while Mr. Riley was on active-duty status.

c.   The public filing of the illegal judgment in Maryland put Mr. & Mrs. Riley in a negative, false light with their community and Mr. Riley's commanding officer(s).

d.   They sustained legal fees to vacate the improperly recorded foreign judgment.

e.   The public filing of their confidential information with the consent of the State of Maryland creates an opportunity for their identities to be stolen or used for improper purposes.   Further, the State of Maryland aided LeMay's request to invade their privacy by seeking confidential financial records he was not entitled by failing to follow the mandatory requirements of the SCRA.

f.   They also lost the use of their monies that were frozen for a period of time which caused other out of pocket damages and losses.

**FACTUAL ALLEGATIONS RELATED TO MR. & MRS. DAVINES**

115.   Mr. & Mrs. Davines were unlawfully sued by LeMay in the State of Texas where he originally obtained a judgment against them based upon a purported contract for consumer goods entered into in the State of Texas.

116.   Mr. & Mrs. Davines obtained legal counsel in Texas and timely appealed the original judgment.

117.   By virtue of Mr. & Mrs. Davines's timely appeal of the original judgment, its effect and enforceability was vacated as a matter of Texas law.

118.    After some proceedings during the appeal, judgment was entered in favor of Mr. &

Mrs. Davines and against LeMay on March 2, 2020.

119.    The March 2, 2020 judgment constitutes a judgment on the merits as to LeMay's

purported claims against Mr. & Mrs. Davines.  *See e.g. CASH ACAPULCO SA DE CV, Plaintiff,*

*v. CARDTRONICS MEXICO, S.A. DE C.V. and Cardtronics, Inc., Defendants., 2019 WL*

*12059020* (Tex.Dist.); *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 134 (Tex. App. 2011);

*Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991).

120.    LeMay took no timely appeal from the March 2, 2020 against him by the Texas

state court.

121.    Mr. & Mrs. Davines have no contacts with the State of Maryland, conduct no

business in the State of Maryland, and own no property in the State of Maryland.

122.    At all relevant times herein Mr. Davines has been an active-duty servicemember

with the United States Army.

123.    Notwithstanding he had no legal right to do so, LeMay sought record the since

vacated Texas judgment in Maryland even though he knew he had lost his claim and never took a

timely appeal of the judgment entered against him.

124.     Specifically, on June 30, 2020 pursuant to the Foreign Judgments Act LeMay filed

a request to File Foreign Judgment with the District Court of Maryland for Anne Arundel County

(Case No. D-07-JG-20-000146) which was dated June 24, 2020.  LeMay filed with his request a

copy of the since vacated judgment of the Texas court and concealed from the District Court of

Maryland for Anne Arundel County the March 2, 2020 judgment adverse to his claim.  Instead, he

enrolled a prior judgment that had been vacated as a matter of Texas law and he knew was not valid.

125.    LeMay's request to file a foreign judgment did not include the required affidavit in violation of 50 U.S.C.A. § 3931(b).

126.    Notwithstanding that LeMay's request did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit and the fact that Mr. & Mrs. Davines were protected persons under the SCRA and had no contacts with Maryland, business conducted in Maryland, pursuant to the Foreign Judgments Act the District Court of Maryland for Mr. & Mrs. Davines recorded the bogus Texas judgment against Mr. & Mrs. Davines.

127.    In a notice dated June 30, 2020, the District Court of Maryland for Anne Arundel County improperly shifted the burden on Mr. & Mrs. Davines Riley to contest the improperly recorded judgment that did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even through Mr. Davines was on active-duty.   The state court gave Mr. & Mrs. Davines Riley thirty days to contest the recorded judgment.

128.     Before LeMay's unlawful activities described herein, Mr. & Mrs. Davines had no contacts with the State of Maryland or even Anne Arundel County, did not conduct business in the State of Maryland, and owned no property in the State of Maryland or Anne Arundel, County.

129.    On March 19, 2021, pursuant to CTS. & JUD. PROC. § 3-305 LeMay filed a request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-07-JG-20-000146) which was dated January 4, 2021 to seize Mr. & Mrs. Davines accounts.

130.    LeMay's March 19, 2021 filing was an attempt to collect a consumer debt from an active-duty servicemember of the Armed Forces.

131.     LeMay did not include with his request for garnishment the required affidavit in violation of 50 U.S.C.A. § 3931(b).  LeMay also filed with his request for garnishment personal, confidential identifiable information for Mr. & Mrs. Davines without the right to do so in the public records and without proper redactions.

132.     LeMay's March 19, 2021 request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-07-JG-20-000146) was seeking sums he knew he was not owed.

133.     In violation of the SCRA, the District Court of Maryland for Anne Arundel, County accepted LeMay's March 19, 2021 request for garnishment under the Foreign Judgments Act which was also made without proper redactions and which also did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even though Mr. Davines was on active-duty.  The state court also issued, pursuant to CTS. & JUD. PROC. § 3-305,  the requested garnishment to Mr. & Mrs. Riley's lender who froze and seized Mr. & Mrs. Davines' assets when LeMay had no lawful right to them.

134.     On April 23, 2021 LeMay moved for an Order of garnishment Judgment based on his March 19, 2021 request for garnishment but his motion did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even while Mr. Davines was on active-duty.  LeMay's motion was denied based on a misnomer.

135.     LeMay's April 23, 2021 motion for a judgment on the garnishment was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

136.     On June 4, 2021 LeMay again moved pursuant to CTS. & JUD. PROC. § 3-305 for an Order of garnishment Judgment based on his January 4, 2021 request for garnishment but his motion did not include the mandatory 50 U.S.C.A. § 3931(b) affidavit even through Mr. Davines

was on active-duty.  Pursuant to Cts. & Jud. Proc. § 3-305 and in violation of the SCRA, the District Court of Maryland for Anne Arundel, County granted this motion and issued a garnishment judgment on or about June 7, 2021 even though no 50 U.S.C.A. § 3931(b) affidavit had ever been filed in that case and while Mr. Davines was on active-duty status.

137. On or about November 9, 2021, LeMay filed pursuant to Cts. & Jud. Proc. § 3-305 another request for Writ of Garnishment District Court of Maryland for Anne Arundel County (Case No. D-07-JG-20-000146) to seize Mr. & Mrs. Davines' accounts.

138. LeMay's November 9, 2021 filing was an attempt to collect a consumer debt from an active-duty member of the Armed Forces.

139. LeMay did not include with his November 9, 2021request for garnishment the required affidavit in violation of 50 U.S.C.A. § 3931(b). Pursuant to Cts. & Jud. Proc. § 3-305 and in violation of the SCRA, the District Court of Maryland for Anne Arundel, County issued a garnishment to Mr. & Mrs. Davines' savings institution even though no 50 U.S.C.A. § 3931(b) affidavit had ever been filed in that case and while Mr. Davines was on active-duty status on or about November 9, 2021.

140. Even though they had no contacts with the State of Maryland and LeMay had no legal rights to pursue them in Maryland, Mr. & Mrs. Davines' engaged Maryland counsel to object to the state Court's recent garnishment issued to their Mr. & Mrs. Davines' and to LeMay's continued collection attempts in violation of the SCRA and the Due Process Clause of the Fourteenth Amendment.

141. By counsel Mr. & Mrs. Davines' appeared in the state court proceeding and entered his appearance on November 24, 2021.  At the same time, Mr. & Mrs. Davines moved to release

their property from garnishment and notified their right to exempt the property from garnishment. Mr. & Mrs. Davines also notified the state court of LeMay's violations described herein.  No response to Mr. & Mrs. Davines' motion was ever filed by LeMay and the state court never ruled upon it. LeMay received notice of the appearance of counsel for Mr. & Mrs. Davines and their objection and motion to dismiss the pending garnishment when it was filed with the state court.

142.    Even though Lemay knew Mr. & Mrs. Davines were protected servicemembers, he had no lawful judgment against them, and they were represented by counsel, LeMay requested a judgment of garnishment against them with the state court on or about December 21, 2021 without sending Mr. & Mrs. Davines' counsel a copy of the request or submitting the required SCRA affidavits.

143.    On December 21, 2021 the state court also scheduled a hearing on Mr. & Mrs. Davines' unopposed motion to release their property from garnishment (which as of this filing has not been scheduled). Mr. Davines is deployed and is overseas on active-duty status and LeMay continues to wrongfully utilize the Foreign Judgments Act and CTS. & JUD. PROC. § 3-305 to conduct his collection practices without adequate protections under Maryland law which permit LeMay to violate the SCRA.

144.    As a direct and proximate result of LeMay's conduct and the willingness and participation of the State of Maryland's laws and procedures to permit LeMay to violate basic privacy laws and also the SCRA and the Due Process Clause of the Fourteenth Amendment, Mr. & Mrs. Davines sustained damages and losses including the following:

        a.   They were defamed and put into a false light by LeMay's false assertions that they owe sums that are not lawfully owed.

b.  Loss of monies improperly collected without the right to do so.

c.  Sustained worry, anger, depression, embarrassment, frustration, and anxiety by having LeMay's illegal judgment entered against them in Maryland where they had no contacts or business while Mr. Davines was on active-duty status.

d.  The public filing of the illegal judgment in Maryland put Mr. & Mrs. Davines in a negative, false light with their community and Mr. Davines' commanding officer(s).

e.  They sustained legal fees to object to and oppose the improperly recorded foreign judgment.

f.  The public filing of their confidential information with the consent of the State of Maryland creates an opportunity for their identities to be stolen or used for improper purposes.   Further, the State of Maryland aided LeMay's request to invade their privacy by seeking confidential financial records he was not entitled.

g.  They also lost the use of their monies that were frozen for a period of time which caused other out of pocket damages and losses.

## CAUSES OF ACTION

**COUNT I: Seeking Damages and Injunctive and Declaratory Relief Under the SCRA by Plaintiffs Against Defendant LeMay for his Violations of the SCRA
(On behalf of all Plaintiffs Against LeMay)**

145.   This Count is brought individually on behalf of Mr. & Mrs. Rouse, Mr. & Mrs. Riley, and Mr. & Mrs. Davines against LeMay under the SCRA.   Plaintiffs incorporate the proceeding paragraphs as if restated herein.

146.     Plaintiffs are covered servicemembers and protected persons under the SCRA.

147.     At all relevant and material times LeMay knew Plaintiffs were covered servicemembers and protected persons under the SCRA

148.     In relation to Mr. & Mrs. Rouse, LeMay has violated the SCRA by (i) enrolling an illegal and unenforceable foreign judgement in the District Court of Maryland for Garrett County, Maryland and (ii) seeking to garnish the assets of Mr. & Mrs. Rouse without the right to so without disclosing Mrs. Rouse's status as an active-duty member of the United States Navy.

149.     As a result of LeMay's violations of the SCRA in Maryland and the Due Process Clause of the Fourteenth Amendment, Mr. & Mrs. Rouse have been damaged and sustained losses.

150.     Pursuant to the SCRA Mr. & Mrs. Rouse are entitled to a judgment of damages and also additional judgments of reasonable attorney fees and costs in relation to LeMay's SCRA violations, including attorney fees and costs defending Lemay's unlawful state court proceedings against them.

151.     Mr. & Mrs. Rouse are also entitled to injunctive relief against LeMay from attempting to collect on his illegal judgment obtained in violation of the SCRA and Hawaii law.  Unless LeMay is enjoined, Mr. & Mrs. Rouse will suffer irreparable harm and unlawfully denied the protections they are entitled under the law.

152.     Mr. & Mrs. Rouse are also entitled to a Declaration of Law that (i) the foreign judgment enrolled in Maryland by LeMay against Mr. & Mrs. Rouse is

unenforceable, (ii) it was obtained by unlawful means in violation of the SCRA and the Due Process Clause of the Fourteenth Amendment in Maryland and by the original court in Nevada, and (iii) LeMay has no rights to collect or attempt to collect upon it.

153.    In relation to Mr. & Mrs. Riley, LeMay has violated the SCRA by (i) enrolling an illegal and unenforceable foreign judgement in the District Court of Maryland for Anne Arundel County, Maryland and (ii) seeking to garnish the assets of Mr. & Mrs. Riley without the right to so without disclosing Mr. Riley's status as an active-duty member of the United States Army.

154.    As a result of LeMay's violations of the SCRA in Maryland and the Due Process Clause of the Fourteenth Amendment, Mr. & Mrs. Riley have been damaged and sustained losses.

155.    Pursuant to the SCRA Mr. & Mrs. Riley are entitled to a judgment of damages and also additional judgments of reasonable attorney fees and costs in relation to LeMay's SCRA violations, including attorney fees and costs defending LeMay's unlawful activities in the state courts.

156.    Mr. & Mrs. Riley are also entitled to injunctive relief against LeMay from attempting to collect on his illegal judgment obtained in violation of the SCRA. Unless LeMay is enjoined, Mr. & Mrs. Riley will suffer irreparable harm and unlawfully denied the protections they are entitled under the law.

157.    Mr. & Mrs. Riley are also entitled to a Declaration of Law that (i) the foreign judgment enrolled in Maryland by LeMay against Mr. & Mrs. Riley was vacated

and is unenforceable and void as a matter of law and in violation of the Due Process Clause of the Fourteenth Amendment, (ii) the purported judgment represented by LeMay as obtained by unlawful means in violation of the SCRA in Maryland and by the original court in Texas, and (iii) LeMay has no rights to collect or attempt to collect upon it.

158. In relation to Mr. & Mrs. Devines, LeMay has violated the SCRA by (i) enrolling an illegal and unenforceable foreign judgement in the District Court of Maryland for Anne Arundel County, Maryland and (ii) seeking to and actually garnishing the assets of Mr. & Mrs. Devines without the right to so without disclosing Mr. Devines status as an active-duty member of the United States Army.

159. As a result of LeMay's violations of the SCRA in Maryland, Mr. & Mrs. Devines have been damaged and sustained losses.

160. Pursuant to the SCRA Mr. & Mrs. Devines are entitled to a judgment of damages and also additional judgments of reasonable attorney fees and costs in relation to LeMay's SCRA violations.

161. Mr. & Mrs. Devnies are also entitled to injunctive relief against LeMay from attempting to collect on his illegal judgment obtained in violation of the SCRA. Unless LeMay is enjoined, Mr. & Mrs. Devines will suffer irreparable harm and unlawfully denied the protections they are entitled under the law.

162. Mr. & Mrs. Devines are also entitled to a Declaration of Law that (i) the foreign judgment enrolled in Maryland by LeMay against Mr. & Mrs. Devines was

vacated and is unenforceable and void as a matter of law, (ii) the purported judgment represented by LeMay as obtained by unlawful means in violation of the SCRA in Maryland and by the original court in Texas, and (iii) LeMay has no rights to collect or attempt to collect upon it.

**COUNT II: Seeking Damages Under the MCPA and MCDCA by Plaintiffs Against Defendant LeMay**
**(On behalf of all Plaintiffs Against LeMay)**

163.     This Count is brought individually on behalf of Mr. & Mrs. Rouse, Mr. & Mrs. Riley, and Mr. & Mrs. Davines against LeMay under the MCPA and MCDCA. Plaintiffs incorporate the proceeding paragraphs as if restated herein.

164.     At all times described herein LeMay has acted as a collector, as that term is defined by the MCDCA, by attempting to collect upon alleged debts, invalid debts, invalid judgments, non-existent judgments, and sums claimed due from Plaintiffs arising out of consumer transactions.  Com. Law §14-201(b).

165.     LeMay is aware of the Federal and State laws governing his activities described herein but knowingly and/or recklessly disregarded those laws and duties without any consideration of the negative consequences to Plaintiffs.

166.     LeMay also attempted to collect and did in fact collect unlawful sums from Plaintiffs without the right to do so and/or effectively froze their assets by his illegal, unfair, deceptive, and abusive conduct.

167.     LeMay has knowingly and recklessly relied on the false and defective information he provided to Maryland courts and to Plaintiffs who acted in reliance to those actions and omissions by engaging counsel and seeking to

protect their rights in this action and in the state court proceedings and objecting
to LeMay's acts and omissions in the state court proceedings.

168.    Maryland's debt collection laws and LeMay's duties under Maryland law, do
        not permit LeMay to utilize methods and means of collection not permitted by
        law or the relationship governing the parties.  LeMay knows the law: however,
        he knowingly and recklessly attempted to interfere with or otherwise infect
        Plaintiffs' rights based on alleged sums not lawfully due and/or not collatable
        through Maryland courts.  By such acts, LeMay has engaged in conduct which
        violates §§ 804 through 812 of the Federal Fair Debt Collection Practices Act
        including but not limited to 15 U.S.C. §§ 1692e and 1692f.  COM LAW §14-
        202(11).

169.    In the alternative to the claims asserted in the previous paragraph, LeMay's acts
        and omissions in reckless indifference to Plaintiffs' rights also violates COM
        LAW §14- 202(8).

170.    Each of LeMay's violations of the MCDCA in relation to the Plaintiffs are
        also *per se* violations of the MCPA.  COM. LAW § 13-301(14)(iii).

171.    Each of LeMay's violations of the SCRA in relation to the Plaintiffs are also *per
        se* violations of the MCPA.  COM. LAW § 13-301(14)(xxxiv).

172.    The attempted collection of consumer debts by LeMay, as set forth herein, are
        governed by the MCPA.  Specifically, COM. LAW. § 13-303 prohibits unfair or
        deceptive trade practices in the extension of consumer credit or collection of
        consumer debts.  The collection and attempted collection of the sums by LeMay

from Plaintiffs that are not due constitutes unfair or deceptive collection of debts.

173.   COM. LAW. § 13-303 also prohibits unfair or deceptive trade practices in the sale or provision of consumer services, such as those provided by LeMay and WEC.

174.   The MCPA defines unfair or deceptive trade practices to include, *inter alia*, the following:  (a) false, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and (b) failure to state a material fact if the failure deceives or tends to deceive.  COM. LAW §§13-301(1) and (3).

175.   LeMay's acts and omissions described herein, and including but not limited to seeking and demanding sums not legally or contractually due from Plaintiffs, constitutes unfair and deceptive trade practices in violation of COM. LAW §§ 13-301(1)(3) and 13-303(4)(5).

176.   Plaintiffs reasonably relied upon the material acts and actions of LeMay as exemplified *supra* and demonstrated also herein (i) by their communications with LeMay, and their (ii) engagement of counsel to defend their rights.  LeMay's acts and omissions are simply unreasonable, unfair, abusive, deceptive, or abusively.

177.   Had LeMay not acted unfairly, deceptively, or abusively, Mr. & Mrs. Riley would not have suffered the damages and losses they have as described *supra*.   As a direct and proximate result of LeMay's illegal collections

activities they have suffered emotional distress founded in anxiety including the fear of the loss of required military security clearance, frustration, headaches, *etc*.

178.  Had LeMay not acted unfairly, deceptively, or abusively, Mr. & Mrs. Rouse would not have suffered the damages and losses they have described *supra*.  As a direct and proximate result of LeMay's illegal collections activities they have suffered emotional distress founded in anxiety including the fear of the loss of the ranking and/or the required security clearance, frustration, headaches, *etc*.

179.  Had LeMay not acted unfairly, deceptively, or abusively, Mr. & Mrs. Devines would not have suffered the damages and losses they have described *supra*.  As a direct and proximate result of LeMay's illegal collections activities they have suffered emotional distress founded in anxiety including the fear of the loss of the required military security clearance, frustration, headaches, discomfort in Mrs. Devines' back, *etc*.

180.  Plaintiffs have pled sufficient facts to put LeMay on notice as to the claims against him as exemplified *supra* (*i.e.*, dates of key acts and representations of LeMay and/or WEC and their agents and representatives; and the regulatory and statutory duties of LeMay and/or WEC which they simply ignored and thereby infected the subject transactions to ensure harm and damage to each of the Plaintiffs.

**COUNT III: Seeking Injunctive and Declaratory Relief by the Plaintiffs Against the State of Maryland's Laws and Rules of Procedure Which Conflict with Federal Law (Supremacy Clause, U.S. Const. Art. VI; 50 U.S.C.A. § 3901, *et seq.*) (On behalf of all Plaintiffs against the State of Maryland)**

181.    This Count is brought individually on behalf of each of the Plaintiffs against the State of Maryland.

182.    The SCRA applies to the State of Maryland.  50 U.S.C.A. § 3912(a)(2).

183.    Under Maryland's Constitution, every person is entitled to "have remedy by the course of the Law of the Land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the Land."  Md. Const. Decl. of Rts. art. 19.  Such remedies include those available under the SCRA which is part of the 'Law of the Land.'

184.    Pursuant to 42 U.S.C.A. § 1983, Plaintiffs are also provided a remedy for being denied the Federal rights intended for them under the SCRA and the Due Process Clause of the Fourteenth Amendments discussed here since the denial of those rights took place under the color of law in the State of Maryland under the Foreign Judgments Act, CTS. & JUD. PROC. § 3-305, and FIN. INST. § 1-304.  The specific SCRA and Constitutional rights denied to Plaintiffs discussed herein include:

> i.  The rights that before a purported foreign is enrolled in Maryland, a request for garnishment is granted, a subpoena for confidential financial records is issued, or a judgment of garnishment is granted, pursuant to 50 U.S.C.A. § 3931(b)(1) the party seeking such relief must provide an

SCRA affidavit to the state court before a judgment, as defined by 50 U.S.C.A. § 3911(9),  is granted or issued.

ii.   The rights that if an adverse party is on active duty with the Armed Services, before a purported foreign is enrolled in Maryland, a request for garnishment is granted, a subpoena for confidential financial records is issued, or a judgment of garnishment is granted, the State of Maryland must pursuant to 50 U.S.C.A. § 3931(b)(2) not enter or grant the relief requested against the servicemember until the court "appoints an attorney to represent the defendant."

iii.   The Due Process rights and protections under the Fourteenth Amendment to not be hauled into Maryland courts to defend claims in Maryland when the defendants do not reside in Maryland, have no contacts in Maryland, own no property in Maryland, and do not conduct business in Maryland.

185.   LeMay's acts and omissions under the color of law pursuant to the laws of the State of Maryland which do not comply with the SCRA, including the Foreign Judgments Act, CTS. & JUD. PROC. § 3-305, and FIN. INST. § 1-304, Plaintiffs would not have been deprived their rights under the SCRA and the Due Process Clause of the Fourteenth Amendment.

186.   Maryland has recognized that declaratory relief is available an appropriate to determine judgments entered in Maryland in violation of consumer protection laws are unenforceable.  *LVNV Funding LLC v. Finch*, 207 A.3d 202 (2019).

187.    Here, Plaintiffs are seeking relief against the State of Maryland's chief executive officer in his official capacity only to protect the prospective enforcement of their federal rights and protections under the SCRA and the Due Process Clause of the Fourteenth Amendment.

188.    Any person aggrieved by a violation of the SCRA is entitled to appropriate equitable or declaratory relief with respect to the violation.  50 U.S.C.A. § 4042(a)(1).

189.    As shown *supra* in practice and in text, state law (*i.e.* under the Foreign Judgments Act, CTS. & JUD. PROC. § 3-305, and FIN. INST. § 1-304) permits actors like LeMay to enroll purported foreign judgments in the State of Maryland without the required affidavits and protections in violation of 50 U.S.C.A. § 3931(b)(1) and (2).  The same state laws also wrongfully permit LeMay the opportunity to deny the Plaintiffs their Due Process protections under the Fourteenth Amendment.

190.    An enrolled foreign judgment in the State Maryland under the Foreign Judgments Act in relation to a protected servicemember qualifies a judgment as that term is defined under the SCRA in 50 U.S.C.A. § 3911(9).

191.    As shown *supra* in practice and in text, state law (*i.e.* under CTS. & JUD. PROC. § 3-305) wrongfully permits actors like LeMay to requests Writs of Garnishment and thereafter Garnishment Judgments in the State of Maryland without the required affidavit in violation of 50 U.S.C.A. § 3931(b).

192.    A Writ of Garnishment and Judgment of Garnishment in the State of Maryland in relation to a protected servicemember under CTS. & JUD. PROC. § 3-305 qualifies a judgment as that term is defined under the SCRA in 50 U.S.C.A. § 3911(9).

193.    As shown *supra* in practice and in text, state law (*i.e.* under FIN. INST. § 1-304) wrongfully permits actors like LeMay to request subpoenas for confidential financial records in the State of Maryland without the required affidavit in violation of 50 U.S.C.A. § 3931(b).

194.    A subpoena issued by the State of Maryland in relation to a protected service member qualifies a judgment as that term is defined under the SCRA in 50 U.S.C.A. § 3911(9).

195.    Under the Supremacy Clause, U.S. Const. Art. VI the protections of the SCRA are supreme over state law and state procedural rules.  In other words, the State of Maryland may not reduce the protections entitled for servicemembers and other protected persons under the SCRA including but not limited to the entry of any judgment without strict compliance with the SCRA.

196.    By permitting actors like LeMay to utilize Maryland Courts and collection tools without first complying with the minimum requirements of the SCRA when: (i) enrolling purported foreign judgments; (ii) obtaining writs of garnishments and subpoenas; and (iii) obtaining garnishment judgments, the State of Maryland's laws and rules of procedure subject to this action permit violations of the SCRA.

197.    Plaintiffs are entitled to injunctive relief against the State of Maryland which:

a. Enjoins any enforcement of judgments, as that term is defined in 50 U.S.C.A. § 3911(9), enrolled or requested by LeMay in its court proceedings that do not comply with the SCRA; and

b. Enjoins the issuance of any further judgments, as that term is defined in 50 U.S.C.A. § 3911(9), in violation of the mandatory procedural requirements of the SCRA.

198. Unless the State of Maryland is enjoined, Plaintiffs and others will suffer irreparable harm and be unlawfully denied the protections they are entitled under the law.

199. Plaintiffs are also entitled to Declarations of Law that pursuant to the Supremacy Clause, U.S. Const. Art. VI, the SCRA's strict requirements preempt the:

a. Uniform Enforcement of Foreign Judgments Act. CTS. & JUD. PROC. § 11-801, *et seq.;*

b. CTS. & JUD. PROC. § 3-305; and

c. FIN. INST. § 1-304.

200. Plaintiffs are also entitled to Declarations of Law that pursuant to the Supremacy Clause, U.S. Const. Art. VI, that any judgments obtained by LeMay against them in the State of Maryland are unenforceable in light of LeMay's violations of the SCRA.

201. Pursuant to the SCRA Maryland should be enjoined to amend its laws to bar violations of the SCRA and the Due Process Clause of the Fourteenth Amendment described herein.

202.     Pursuant to the SCRA Plaintiffs are also entitled to a judgment of reasonable

attorney fees and costs authorized under the SCRA discussed herein.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray that this Court:

A.   Pursuant to Counts I and II, Mr. & Mrs. Rouse request: (i) judgments of liability in

their favor and against George LeMay under the SCRA, MCDCA, and MCPA; (ii) an award of

actual damages in a sum in excess of $75,000.00 each; and (iii) an additional award of reasonable

attorney's fees and costs in their favor as permitted under the SCRA and MCPA.

B.   Pursuant to Counts I and II, Mr. & Mrs. Riley request: (i) judgments of liability in

their favor and against George LeMay under the SCRA, MCDCA, and MCPA; (ii) an award of

actual damages in a sum in excess of $75,000.00 each; and (iii) an additional award of reasonable

attorney's fees and costs in their favor as permitted under the SCRA and MCPA.

C.   Pursuant to Counts I and II, Mr. & Mrs. Devines request: (i) judgments of liability in

their favor and against George LeMay under the SCRA, MCDCA, and MCPA; (ii) an award of

actual damages in a sum in excess of $75,000.00 each; and (iii) an additional award of reasonable

attorney's fees and costs in their favor as permitted under the SCRA and MCPA.

D.   Pursuant to Count I, Plaintiffs request: (i) preliminary and permanent injunction

against George LeMay pursuant to the SCRA to enjoin him from attempting to collect upon is

illegally obtained judgments enrolled or pursued in the State of Maryland in violation of the SCRA;

(ii) declarations of law declaring the illegally obtained judgments enrolled in the State of Maryland

by George LeMay in violation of the SCRA to be unenforceable; and (iii) order LeMay to pay

additional award of reasonable attorney's fees and costs in their favor as permitted under the SCRA for this injunctive and declaratory relief.

E.   Pursuant to Count III, Plaintiffs request: (i) a preliminary and permanent injunction against the State of Maryland to enjoin any issuance or enforcement of judgments, as that term is defined in 50 U.S.C.A. § 3911(9), enrolled or obtained by LeMay in its court proceedings that do not comply with the SCRA; and (ii) preliminary and permanent injunction against the State of Maryland to enjoin the issuance of any further judgments, as that term is defined in 50 U.S.C.A. § 3911(9), in violation of the mandatory procedural requirements of the SCRA.

F.   Pursuant to Count III, Plaintiffs further request Declarations of Law that pursuant to the Supremacy Clause, U.S. Const. Art. VI, the SCRA preempts Maryland law including the Uniform Enforcement of Foreign Judgments Act (CTS. & JUD. PROC. § 11-801, *et seq.,* CTS. & JUD. PROC. § 3-305, and FIN. INST. § 1-304), and any judgments obtained in violation of the SCRA in the State of Maryland, as the term judgment is defined under 50 U.S.C.A. § 3911(9), are unenforceable.

G.   Pursuant to Count III award Plaintiffs reasonable attorney fees and costs under the SCRA.

H.   Grant such other relief as the Court may deem just and proper.

Dated: January 18, 2022

//s//Phillip R. Robinson
Phillip R. Robinson (Bar No. 27824)
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304
phillip@marylandconsumer.com