IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| LATASHA ROUSE, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Action No.1:22-cv-00129-DLB |
| GEORGE LEMAY, *et al.* | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT ON COUNT III OF PLAINTIFFS' COMPLAINT**

Defendant Lawrence Hogan, sued solely in his official capacity as the Governor of the State of Maryland (hereinafter the "State"), moves to dismiss Count III of the Plaintiffs' complaint (the only count against the State) or, in the alternative, for summary judgment, and provides this memorandum of law in support of its motion.

**INTRODUCTION**

Plaintiffs are active-duty service members and their dependents who are residents of states other than Maryland.[1]  (ECF No. 1, Compl.  ¶¶ 20, 20 (a), 21, 21 (a), 22, 22 (a).) Plaintiffs allege that Defendant George LeMay obtained judgments against Plaintiffs in the state courts of Nevada and Texas and thereafter registered the judgments in the State of Maryland pursuant to the Uniform Enforcement of Foreign Judgments Act and Section 11-

---

[1]For purposes of this motion only, the State assumes that Plaintiffs' factual allegations with respect to residency and military service are true.  Defendant State of Maryland has no information at this time to admit or deny said factual allegations.

801 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code, *et seq.* ("UEFJA").  (ECF No. 1, Compl. ¶¶ 50, 57, 66, 77, 115, 124.)

When registering the foreign judgments against Plaintiffs in Maryland, LeMay, a judgment creditor, did not file an affidavit with the court certifying whether Plaintiffs are active-duty service members.  (ECF No. 1, Compl. ¶¶ 59, 79, 125.)  LeMay then attempted to collect on the judgments through garnishment. (ECF No. 1, Compl. ¶¶ 62, 82, 88, 93, 129, 137.)

Plaintiffs claim that under the Servicemembers Civil Relief Act ("SCRA" or the "Act"), 50 U.S.C.A. § 3901, *et seq.*, judgment creditors, such as LeMay, are required to file a service member affidavit when registering a foreign judgment or attempting to collect on such judgment. (ECF No. 1, Compl. ¶ 47.)     Plaintiffs further claim that the SCRA preempts the UEFJA thereby rendering it without effect.  (ECF No. 1, Compl. ¶ 49.) Finally, Plaintiffs claim that the UEFJA violates the Plaintiffs' due process rights as it allows the registration of foreign judgments and collection efforts in the state where Plaintiffs allegedly do not have any contacts.  (ECF No. 1, Compl. ¶ 48.)

The State seeks dismissal of Plaintiffs' complaint because it is barred by Eleventh Amendment immunity.  The  State also seeks dismissal and/or judgment in its favor on the grounds that the SCRA does not apply to registration of foreign judgments or ancillary collection efforts, the SCRA does not preempt the UEFJA or the Maryland Rules on collection of a judgment, and Maryland courts are not required to have personal jurisdiction over a judgment debtor for registration of a foreign judgment or collection efforts incident

thereto.

## STANDARD OF REVIEW

**A.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter alleged in a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005); *see e.g., Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (4th Cir. 2006) (reviewing the district court's dismissal of the plaintiff's claims under Rooker-Feldman for lack of subject matter jurisdiction).   Under Rule 12(b)(1), Plaintiffs bear the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).   A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

**B.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.   To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  "A motion to dismiss will be granted if there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Quraishi v. Shalala*, 962 F. Supp. 55, 57 (D. Md. 1997) (citation omitted).  Dismissal is appropriate when the defect appears on the face of the complaint and will be with prejudice when there is no remedy to be had by an amendment of the complaint.  *Id*.

## C.      Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 12(b)(6)

If it is determined that the motion should be treated as one for summary judgment, Federal Rule of Civil Procedure 56(a) provides that summary judgment will be granted if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).

## <u>ARGUMENT</u>

## A.      Plaintiffs' Claims are Barred by Eleventh Amendment Immunity.

Plaintiffs claim that they are entitled to equitable or declaratory relief against the State under 50 U.S.C. § 4042(a)(1) of the SCRA.  (ECF No. 1, ¶188.)  The State, however, is entitled to immunity.

The Eleventh Amendment bars suit, for either legal or equitable relief, in federal courts against states, state agencies and state officials acting in an official capacity, unless

Congress abrogates the immunity, or the state waives it. [2]  *Puerto Rico Aqueduct and Sewer Authority v. Metcalfe & Eddy, Inc*., 506 U.S. 139, 144-45 (1993); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("For over a century now, th[e] [U.S. Supreme] Court has consistently made clear that 'federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States."'") (citation omitted).  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001).  "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute."  *Sossamon*, 563 U.S. at 284.  Although Maryland has waived its sovereign immunity for certain actions brought in its state courts under the Maryland Torts Claims Act, Md. Code Ann., State Gov't § 12-101, *et seq.*, it has not waived its immunity under the Eleventh Amendment for suits in federal court.  *See e.g. Dixon v. Baltimore City Police Dep't*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).

While the SCRA creates a private right of action, it does not waive a state's immunity to such claims under the Eleventh Amendment.   At least two other courts have found similarly.  *Webb v. California*, No. CV 17-8499-DMG (KSX), 2018 WL 6184776, at *4-5 (C.D. Cal. Mar. 15, 2018); *Hofelich v. Hawaii*, No. CV 07-489-SOM (KSCx), 2007

---

[2] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.

WL 4372805, at *7 (D. Haw. Dec. 13, 2007) (SCRA claims barred by sovereign immunity where the state asserted Eleventh Amendment immunity in its motion to dismiss).

In *Webb*, the United States District Court for the Central District of California reviewed Eleventh Amendment immunity in light of the civil private right of action under the SCRA and held that the SCRA does not contain a waiver of sovereign immunity. *Webb*, *supra.* at *4-5. The court held that the SCRA "says nothing about from whom persons aggrieved may obtain appropriate relief. Absent an express and unequivocal waiver of California's sovereign immunity, Plaintiff may not seek relief against the State in this Court." *Id.* at *5. In reaching its conclusion, the court recognized that "[t]he SCRA contains a civil private right of action for '[a]ny person aggrieved by a violation' of the Act to '(1) obtain any appropriate equitable or declaratory relief with respect to the violation; and (2) recover all other appropriate relief, including monetary damages.'" *Id.* at *4, *citing* 50 U.S.C. § 4042. However, the court stated "[t]his is not the same as a waiver of sovereign immunity. *See Sossamon*, 563 U.S. at 282, (Religious Land Use and Institutionalized Persons Act of 2000's ('RLUIPA') private right of action does not amount to a state's waiver of sovereign immunity)." *Id.*

In the instant case, Plaintiffs sued Defendant Larry Hogan in his official capacity as the Governor of Maryland. The State is the real party in interest.[3] *Will,* 491 U.S. at 71

---

[3] The complaint is not saved from Eleventh Amendment immunity by virtue of its reference to 42 U.S.C. § 1983, because the Defendant is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-70 (1989) (holding that a state is not a "person" subject to suit under § 1983 and, therefore, states cannot be sued for damages under that statute). Consequently, "[a]n action for money

(1989) (finding no difference in a suit against a state officer in their official capacity and a suit against the state itself); *see Edelman v. Jordan*, 415 U.S. 651, 662-65 (1974) (finding that if damages would be payable from the state treasury, then the state is the real party of interest even though officials are the nominal parties).

Although the SCRA creates a private cause of action, it did not waive Maryland's sovereign immunity.  *See Webb*, 2018 WL 6184776, at *4-5; s*ee also*, *Sossamon v. Texas*, 563 U.S. 277, 282 (2011) (holding private right of action does not amount to waiver of a state's sovereign immunity.)  Because the State has not waived its sovereign immunity, nor has the State's sovereign immunity been abrogated by any of the legal theories advanced by Plaintiffs, Plaintiffs' claims are barred by the Eleventh Amendment and all claims against the State must be dismissed.

**B.     The SCRA Does Not Apply to the UEFJA or Ancillary Collection Efforts.**

Maryland is required to provide full faith and credit to judgments of other states. U.S. Const. Art. IV, § 1; *Hampton v M'Connel*, 16 US 234, 235 (1818).  In order to streamline the registration of another state's judgments, Maryland, like 48 other states,[4] has adopted the Uniform Enforcement of Foreign Judgments Act ("UEFJA").  Md. Code Ann., Cts. & Jud. Proc. Art. § 11-801, et seq.; *Stevenson v. Edgefield Holdings, LLC*, 244

---

damages under § 1983 cannot be maintained against a state, a state agency, or a state official" acting in his official capacity.  *Ritchie v. Donnelly*, 324 Md. 344, 355 (1991); *see also Olivia v. Boyer*, 163 F.3d 599 (4th Cir. 1998) (holding that the defendant court system is not a person for purposes of 42 U.S.C.A. § 1983 in a case where the plaintiff sought review of state court proceedings regarding domestic relations orders in federal court).

[4] "Enforcement of Foreign Judgments Act". Uniformlaws.org. (last visited 2022-05-25)

Md. App. 604, 613-14 (Md. App. 2020) (acknowledging purpose of UEFJA).

The UEFJA outlines a procedure by which a judgment creditor files an authenticated copy of a judgment entered by a federal or state court along with an affidavit providing the last known address information of both the judgment creditor and judgment debtor.  Cts. & Jud. Proc. §§ 11-801 through 803 (a).  The clerk of the court in which the foreign judgment is filed is required to then send a notice of the filing of the foreign judgment to the judgment debtor.  *Id.* at § 11-803 (b); Md. Rules 2-623(a)(2), 3-623(b).

Plaintiffs claim that the UEFJA violates the SCRA because Maryland does not require the judgment creditor to file a military service affidavit at the time of registering the foreign judgment.  (ECF No. 1, Compl. ¶¶ 47, 189.)  However, the affidavit requirement of the SCRA, 50 U.S.C.A. § 3931 (b), does not apply to the registration of an entered judgment.

The SCRA requires the filing of an affidavit of the defendant's military service *prior* to entry of a default judgment against a defendant in a civil action or proceeding. 50 U.S.C. § 3931(a), (b)(1).  The section of the statute at issue is titled "Protection of servicemembers against default judgments" and provides, in relevant part, as follows:

**(a) Applicability of section**

This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.

**(b)  Affidavit requirement**

**(1) Plaintiff to file affidavit**

8

In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—

    **(A)** stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

    **(B)** if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

**(2) Appointment of attorney to represent defendant in military service**

If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

*Id.*

First, the plain language of the statutes at issue does not support the application of the SCRA to the UEFJA.  The SCRA refers to "plaintiff" and "defendant."  *Id.*  At the time of filing a foreign judgment under the UEFJA, there are no plaintiffs or defendants as the rights of the parties have already been adjudicated.  The UEFJA, refers to "judgment creditor" and "judgment debtor."  Cts. & Jud. Proc. §§ 11-803, 804 and 805.

Further, the UEFJA refers to the *filing* of a "foreign judgment" which is defined as a "judgment, decree, or order of a court . . . that is entitled to full faith and credit in this State."  Cts. & Jud. Proc. §§ 11-801, 802.  The UEFJA applies to a judgment that has already been entered by another court and is simply given credit or effect in Maryland.  On

9

the other hand, the SCRA section at issue applies to matters upon which a judgment has yet to be entered.  *See* 50 U.S.C. § 3931.

Second, the purpose of the SCRA is not furthered by applying it to the UEFJA.  The SCRA provides procedures to protect servicemembers in civil actions or proceedings which require the attendance of a "defendant" before entry of a judgment.  50 U.S.C. § 3931 (a), (b). The requirements of an affidavit and assignment of counsel are for the "protection of servicemembers against default judgments" (as the title implies). 50 U.S.C. § 3931, (b). Alternatively, the UEFJA only provides a procedure for the filing of the judgment once the plaintiff, who presumably complied with the SCRA, obtained a judgment and became a judgment creditor.  *See* Cts. & Jud. Proc. § 11-803.  To require a judgment creditor to file a second affidavit of a former defendant/now judgment debtor's military service status would be ineffective; it would not prevent the entry of a judgment against a servicemember (who does not have an opportunity to defend himself in light of his military service) as the judgment has already been entered.  The only purpose served in imposing an affidavit requirement in registering a foreign judgment would be to interfere with the full faith and credit clause of the United States Constitution and thwart a judgment creditor's efforts to collect on a judgment.

Similarly, the SCRA is inapplicable to Maryland's enforcement proceedings. Enforcement of a money judgment may only be had in accordance with the Maryland Rules and statutes.  Md. Rules 2-631, 3-631.  The Rules provide methods of execution on real and personal property and garnishments on wages and bank accounts.  *See generally*

10

Md. Rules 2-641 through 2-646, 3-641 through 3-646.  Money judgment enforcements are not civil cases or proceedings to which a defendant servicemember need appear.  *See Mensah v. MCT Fed. Credit Union*, 446 Md. 525, 533 (2016), *citing Medical Mut. Liability Ins. Soc. of Maryland v. Davis*, 389 Md. 95, 117 (2005) (garnishment proceedings are ancillary matters and not new causes of action.)   Furthermore, the procedures for executing upon the money judgment, do not include entry or the risk of entry of default judgments against a former defendant/judgment debtor.[5]  Rather, it is a procedure used to satisfy an already existing judgment.  *See Davis,* 389 Md. at 171.  Moreover, enforcement procedures are between the judgment creditor and the party in possession of the judgment debtor's asset which is the subject of the levy or garnishment.  *Id.*  Accordingly, the SCRA both in form and purpose would not apply to judgment enforcement proceedings.

The plain language of the SCRA as well as the purpose of the Act do not support Plaintiffs' argued for interpretation and application to foreign judgment registrations or their ancillary collection matters.

**C.     The SCRA Does Not Preempt the UEFJA or the Maryland Rules on Collection of Judgments.**

In their complaint, Plaintiffs claim that the SCRA preempts the UEFJA thereby invalidating the UEFJA.  (ECF No. 1, Compl. ¶ 49).  In the absence of

---

[5] In Plaintiffs' Complaint, they refer to the entry of a judgment in a garnishment proceeding.  (ECF No. 1, Compl., ¶ 47). Presumably, they are referring to a judgment on a garnishment which is entered against a garnishee, not the judgment debtor.  *See* Md. Rules 2-645(j), 3-645(j).

specific preemption language in the statute at issue, the state statute must conflict in language or operation with the federal statute for preemption to occur. *Arizona v. United States*, 567 U.S. 387, 399 (2012) (citations omitted).   No conflict exists between the SCRA and the UEFJA to invalidate the UEFJA.

  As discussed above, the SCRA requires a plaintiff, by affidavit, to advise of a defendant's military service status prior to entry of judgment.  50 U.S.C. § 3931 (b)(1).  If the defendant is in military service, the court must appoint an attorney to represent the defendant before entering judgment. *Id.* at (b)(2).   The UEFJA provides that when filing a foreign judgment, the judgment creditor must file an affidavit with the last known addresses of both the judgment creditor and judgment debtor.  Cts. & Jud. Proc. § 11-803(a). If the two statutes are read together, in addition to filing an affidavit with the required address information, a judgment creditor (former plaintiff) could also be required to file an affidavit of military service and a foreign judgment could not be registered in Maryland in the absence of an affidavit of military service.  Where military service is identified, the court could require the appointment of an attorney for the judgment debtor before the judgment could be registered.

  Such a reading of the SCRA with the UEFJA is consistent with how Maryland handles the SCRA with its rules on entry of default judgments.  Neither Maryland Rules 2-613 nor 3-306 specifically mention the SCRA or the military service affidavit requirement prior to entry of the default judgment despite the

necessity of compliance before entering default.  Although the military service affidavit is not mentioned in the Maryland Rules, Maryland courts require compliance with the SCRA prior to entry of default judgment against individual defendants.  Similarly, if this Court finds the SCRA applicable to the registration of foreign judgments in Maryland, the SCRA can be read with the UEFJA and the additional affidavit requirement can be implemented to accomplish the purpose of notifying the court of the defendant/judgment debtor's military service status prior to entry of the judgment in Maryland and otherwise protect the servicemember from enforcement of the judgment entered against him in Maryland.

**D.      The UEFJA and Enforcement of the Registered Judgment Does Not Violate the Due Process Rights of Out of State Judgment Debtors.**

Plaintiffs claim that the registration of a foreign judgment and concomitant collection efforts violate the due process clause of the Fourteenth Amendment as it allows for a deprivation of the rights of a judgment debtor without requiring the judgment debtor to have sufficient minimum contacts with the registering state so as not to offend traditional notions of justice and fair play required by *International Shoe Co. v. Washington*, 326 U.S. 316 (1945).  (ECF No. 1, Compl.) As the judgment rendering state would have been required to satisfy *International Shoe* and protect the now judgment debtor's due process rights prior to entering the judgment against the debtor, there is no requirement of personal jurisdiction over the judgment debtor in the registration of an already existing judgment or enforcement of that judgment.

13

Although the issue of the application of a judgment debtor's due process to the registration of a foreign judgment in Maryland under the UEFJA has arguably not been specifically decided by the federal or Maryland courts, guidance can be found in the analysis of the issue with respect to the parallel federal statute.  The UEFJA is modeled after 28 U.S.C. § 1963 which similarly allows for the registration of money judgments entered in federal courts in other federal districts. *Weiner v. Blue Cross of Maryland, Inc.*, 730 F. Supp. 674, 677 (D. Md. 1990), *aff'd sub nom. Weiner v. Blue Cross & Blue Shield of Maryland, Inc.*, 925 F.2d 81 (4th Cir. 1991).  In registering a federal court judgment in another district, the Ninth Circuit has held that the filing forum does not have to have personal jurisdiction over the judgment debtor. *Fidelity National Financial, Inc. v. Friedman*, 935 F.3d 696 (9th Cir. 2019).  In *USCC Distribution Co., LLC v. G&S Wireless, LLC*, Judge Richard D. Bennett of this Court considered *Fidelity National* and other courts that had come to the same conclusion and held that the court in which the judgment is registered need not have personal jurisdiction over the judgment debtors in order for the judgment to be registered.  No. CV RDB-21-0329, 2021 WL 2315456 (D. Md. June 7, 2021).  The court found that the absence of personal jurisdiction over the judgment debtor was both supported by the plain language of the statute and the purpose.  *Id.* at *2.

Like the federal filing of foreign judgments, the UEFJA also only requires the filing of an authenticated copy of a judgment to register the judgment in

14

Maryland.  Cts. & Jud. Proc. § 11-802(a)(1).  Both the plain language and the

purpose of the UEFJA supports a finding that no personal jurisdiction over the

judgment debtor is needed to file a judgment in Maryland.  Neither the plain

language of the statute nor the purpose in providing a streamlined procedure for

registering judgments would be served by requiring personal jurisdiction before

filing.

      The issue of registration and enforcement of a foreign judgment was

discussed by the United States Supreme Court in *Shaffer v. Heitner*, 433 U.S. 186

(1977).  While not addressing directly, the Court stated, in dicta, that the presence

of a judgment debtor's assets in the forum provides a jurisdictional basis for

proceedings to enforce a previously rendered foreign judgment, even if the forum

state and the defendant's property therein had no connection to the claim

underlying the judgment.  Specifically, the Court stated that

> Once it has been determined by a court of competent jurisdiction that the
> defendant is a debtor of the plaintiff, there would seem to be no unfairness
> in allowing an action to realize on that debt in a State where the defendant
> has property, whether or not that State would have jurisdiction to determine
> the existence of the debt as an original matter.

 433 U.S. at 210, n. 36.  The Court further stated that "a wrongdoer 'should not be

able to avoid payment of his obligations by the expedient of removing his assets to

a place where he is not subject to an in personam suit.'" *Id.* at 210 (quoting

Restatement [Second] of Conflict of Laws § 66, Comment a [1971].  To allow

otherwise would render a judgment debtor judgment proof by simply moving his

assets to a state where the court lacked *in personam* jurisdiction.

Whether due process requirements are satisfied with respect to registration and enforcement of foreign judgments was also questioned but not decided in two Maryland appellate cases.  In *Livingston v. Naylor*, the court found that minimum contacts existed sufficient to satisfy due process without deciding if personal jurisdiction over the judgment debtor was required at the time the foreign judgment was registered with the State of Maryland. 173 Md. App. 488, 495 (2007).  The court acknowledged the Supreme Court's statements in *Shaffer* and noted that other courts had decided that personal jurisdiction was not needed in registering and/or enforcing a judgment against a debtor who had property in the state.  *Id.* at 499-500 (citations omitted).  *See also, Desiano v. Envision Foods, Inc.*, No. SUCV201600713C, 2017 WL 4872545, at *4 (Mass. Super. Sept. 21, 2017) (citing to 15 cases in support).

In *Mensah v. MCT Federal Credit Union*, the Court of Appeals of Maryland, found that a judgment creditor could enforce judgments against a non-resident judgment debtor without personal jurisdiction over the debtor.  446 Md. 525 (2016).  *Mensah* did not involve the registration of a foreign judgment as the judgments at issue were entered by a Maryland state court; however, at the time of enforcement of the judgments, the judgment debtor was no longer a resident of Maryland.  *Id*. at 526-527.  Nonetheless, the Court held that enforcement of the judgments through garnishment was proper given the court's jurisdiction over the

16

garnishee and the satisfaction of due process over the judgment debtor at the time the judgments were entered.  *Id*. at 542.

To require personal jurisdiction over every judgment debtor would be to ignore the full faith and credit due to a sister state's judgments as well as ignore the language and purpose of the UEFJA.  Furthermore, it would potentially render any money judgment uncollectible as it would allow judgment debtors to move assets (which could be used to satisfy the money judgment) to states that did not have personal jurisdiction over the judgment debtor.  The Supreme Court in *Shaffer* recognized this risk and affirmatively stated that allowing registration and collection of a judgment in a state that did not have personal jurisdiction over the debtor was not unfair.  433 U.S. at 210, n. 36.  Accordingly, a judgment debtor's due process rights are not violated by the registration of a judgment and enforcement in a state without jurisdiction over the debtor.

## **CONCLUSION**

For the foregoing reasons, Count III of Plaintiffs' complaint (the only count against the State) should be dismissed and/or summary judgment granted in favor of the State.

Respectfully Submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/  *Rachel L. Stewart*
RACHEL L. STEWART (#27352)
Assistant Attorney General

17

200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576–7934  (telephone)
(410) 576–6393  (facsimile)
rstewart@oag.state.md.us

*Attorneys for Defendant, Lawrence Hogan*

18